NO. 07-04-0463-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 17, 2006



______________________________




JOHNNY RODRIGUEZ, JR., APPELLANT



V.



JOHN LEZA AND ICON BENEFIT ADMINISTRATORS, INC., APPELLEES



_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-521,380; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION

 Appellant Johnny Rodriguez challenges a judgment enforcing a Rule 11 mediation
agreement between himself and John Leza and an order of dismissal of his action against 
ICON Benefit Administrators, Inc. Based on the following rationale, we affirm.

 Rodriguez and Leza were involved in an automobile collision in 2001. On March 21,
2003, Rodriguez, an employee of the City of Lubbock, filed suit against Leza seeking to
recover for personal injuries he sustained in the collision. After discovery progressed, 
Rodriguez and Leza agreed to submit the dispute to mediation. At mediation, Rodriguez
and Leza signed a written mediation agreement pursuant to Rule 11 of the Rules of Civil
Procedure whereby Leza agreed to pay $6,500 to settle all claims arising out of the
collision. In return, Rodriguez agreed to indemnify Leza and to provide Leza with either a
release or a negotiated amount to be paid to the City of Lubbock's health insurance
provider, HMO Blue, and workers' compensation carrier, ICON. (2) 

 Following the mediation, Leza's counsel prepared the necessary documents and
forwarded them to Rodriguez. However, Rodriguez, unable to reach an agreement with
ICON, refused to execute the settlement documents. Instead, on January 8, 2004, without
leave of the trial court, Rodriguez filed an amended petition attempting to join and add 
ICON as a defendant. It appears from the record that the case remained dormant until
Leza filed the mediation agreement with the court on July 1, 2004, and moved that the
court enforce the agreement pursuant to Rule 11, or in the alternative, grant summary
judgment relief. 

 After notice of the filing and setting of a hearing, the court held a hearing on the
motion on August 6, 2004; however, neither Rodriguez nor his counsel were present at the
hearing. (3) Following the hearing, on August 12, 2004, the trial court signed its judgment that
the mediation agreement between Rodriguez and Leza be enforced and dismissed
Rodriguez's suit against Leza. (4) In addition, the order signed August 12, 2004, also
included a provision dismissing Rodriguez's action against ICON Benefit Administrators,
Inc. with prejudice. 

 By his sole point of error, Rodriguez contends the trial court erred in granting
summary judgment in favor of ICON Benefit Administrators. We disagree. Although Leza's
motion sought a summary judgment as alternative relief, ICON did not file a motion seeking
summary judgment or otherwise. Instead, according to the reporter's record of the hearing
on August 6, 2004, noting that Rodriguez had attempted to join ICON without leave of the
court contrary to Lubbock County local Rule 3.40(B)(2), the trial court ordered that
Rodriguez's action against ICON be dismissed. The order signed by the court included a
paragraph dismissing the suit against ICON.

 Because a summary judgment was not rendered and Rodriguez does not present
a point of error challenging the dismissal for misjoinder or otherwise, Rodriguez's sole point
of error presents nothing for review and is overruled. 

 Accordingly, the trial court's judgment is affirmed.


 Don H. Reavis

 Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Rodriguez filed claims with both carriers, and both carriers paid for his medical
expenses. 
3. Counsel for Rodriguez acknowledged he received a copy of the motion
approximately one month prior to the hearing, but that it was subsequently misfiled and was
never placed on his calendar. 
4. By this appeal, Rodriguez does not contend that the trial court erred in confirming
the mediation agreement and dismissal of the case as to Leza.



ial court may request same on or
before February 18, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish.